SWEETHEART LAKE, INC., ARANSAS DEVELOPMENT COMPANY, AND EDWARD D. DUNLOP v. CAROLINA POWER AND LIGHT COMPANY.

(Filed 24 February, 1937.)

1. **Electricity § 3—Power company may not require customer to repair transmission line as condition precedent to restoration of service.**

   The facts disclosed by the admissions in the pleadings and at the trial were that defendant power company furnished plaintiff electricity over a four-mile transmission line extending from defendant's main transmission lines to the property of plaintiff, defendant making necessary repairs to the four-mile transmission line at its own expense; that after the suspension of service for good cause, defendant refused to restore service unless plaintiff repaired the four-mile transmission line at plaintiff's expense. *Held:* Upon the facts appearing of record, defendant's refusal to restore service upon the payment of all charges for service, unless plaintiff also repaired the four-mile transmission line, was wrongful.

2. **Same—Customer is entitled to restoration of electric service after suspension without first obtaining an order from Utilities Commission.**

   Where a power company furnishes electricity to a customer for years, and then the service is discontinued for nonpayment of charges, the customer, upon payment of all charges for service, is entitled to have the service restored without first obtaining an order to that effect from the Utilities Commission, the power company not having obtained an order from the Commission to discontinue the service under the provisions of N. C. Code, 1112 (32).

APPEAL by plaintiffs from *Pless, J.,* at May Term, 1936, of MOORE. Reversed.

This is an action to recover damages which were sustained by the plaintiffs and which resulted from the wrongful refusal of the defendant, a public service corporation, organized under the laws of this State, and engaged in the business of generating, distributing, and selling electricity for commercial and domestic use, as a public utility, to furnish to the plaintiffs on their property in Moore County, North Carolina, electricity for commercial and domestic use, in accordance with the request of the plaintiffs.

The action was begun in the Superior Court of Moore County on 30 October, 1935, and was heard at May Term, 1936, of said court.

After a jury had been impaneled and the pleadings read, the defendant demurred "to the jurisdiction of the court for that as a prerequisite to its cause of action, the plaintiffs were required to establish their right to service from the defendant before the State Utilities Commission, and that not having done so, this Court is without original jurisdiction in the matter."

The facts, as shown by admissions in the pleadings and at the trial, are as follows:

1. The plaintiffs own certain properties, real and personal, located in Moore County, North Carolina, about four miles from the main transmission lines of the defendant. The said properties were designed for use and were used by the plaintiffs, prior to 1 May, 1931, as a resort for the public. Such use required electricity, for both power and lighting.

2. From about 10 July, 1924, to about 1 May, 1931, the defendant furnished to the plaintiffs on their said property electricity for both power and lights, using for this purpose a line which extended from its main transmission lines to said property, a distance of about four miles. Meters were installed by the defendant at the end of said line on the properties of the plaintiffs and from time to time the defendant made necessary repairs to said line at its own expense.

4. On or about 1 May, 1931, the defendant suspended its service to the plaintiffs because of the failure of the plaintiffs to pay service charges due to the defendant at that date. While such service was suspended, the defendant notified the plaintiffs that it would not renew such service to the plaintiffs unless and until the plaintiffs, at their own expense, made certain repairs to the line extending from its main transmission lines to the properties of the plaintiffs. Thereafter, on or about 1 November, 1931, the plaintiffs paid to the defendant all sums due the defendant for service rendered to the plaintiffs by the defendant prior to 1 May, 1931, and requested the defendant to renew said service over said line. The defendant refused to renew such service unless and until the plaintiffs, at their own expense, made necessary repairs to the line extending from its main transmission lines to the property of the plaintiffs.

5. The plaintiffs, by petition, instituted a proceeding before the North Carolina Corporation Commission for an order requiring the defendant to renew its service to the plaintiffs. The defendant filed an answer to the said petition. The proceeding pended before the commission until some time in December, 1932, when it was dismissed by the Commission because of the failure of the petitioners or the respondent to prosecute the same. No further proceeding has been instituted before the Corporation Commission or before its successor, the Utilities Commission, to determine the rights of the plaintiffs and the defendant with respect to the matters in controversy between them.

On these facts, the court was of opinion that the Superior Court of Moore County is without jurisdiction to hear and determine the action, and accordingly sustained the demurrer of the defendant.

From judgment that plaintiffs recover nothing of the defendant by this action, and that defendant recover of the plaintiffs its costs, the plaintiffs appealed to the Supreme Court, assigning error in the judgment.

*H. F. Seawell, Jr., for plaintiffs.*
*U. L. Spence, W. D. Sabiston, and A. Y. Arledge for defendant.*

CONNOR, J.   If on the facts admitted in the pleadings and at the trial of this action, the plaintiffs had a legal right to the service which they requested of the defendant, the Superior Court of Moore County had original jurisdiction of the cause of action alleged in the complaint, and there is error in the judgment, in effect, dismissing the action; on the other hand, if the plaintiffs had no legal right to such service, in the absence of an order of the Utilities Commission requiring the defendant to furnish such service to the plaintiffs, upon such terms as the said Commission shall have determined, there is no error in the judgment, and the same should be affirmed.

We are of opinion that on the facts appearing in the record the plaintiffs had a legal right to the service which they requested of the defendant, and that the refusal of the defendant to furnish such service at the request of the plaintiffs was wrongful, because such refusal was a breach of a duty which the defendant owed to the plaintiffs, whether contractual or statutory.   For that reason, the judgment in this action must be reversed.

When a public service corporation, engaged in business as a public utility, has furnished service to a customer through a period of years, the customer is entitled to a continuance of such service, or in the event of a temporary suspension of such service, for good cause, to its restoration, without having first obtained an order to that effect from the State Utilities Commission.   In such case, the public service corporation has no legal right to refuse to continue or to restore such service without having first obtained an order to that effect from the State Utilities Commission.   It is provided by statute that "upon finding that public convenience and necessity are no longer served, or that there is no reasonable probability of a utility realizing sufficient revenue from the service to meet its expenses, the Commission shall have power, after petition, notice, and hearing, to authorize by order any utility to abandon or reduce its service or facilities."   Sec. 32, ch. 307, Public Laws of N. C., 1933; N. C. Code of 1935, sec. 1112 (32).

The judgment in this action is
Reversed.